**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR OMNI NATIONAL BANK,** | ) ) ) ) | **CIVIL ACTION NO.** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **COMPLAINT FOR:** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON,** | ) ) ) | **Statutory Interest (Ga. Code Ann. § 7-4-15 (West))** |
| **Defendants.** | ) ) | |

**COMPLAINT**

Now comes the Federal Deposit Insurance Corporation as Receiver for

Omni National Bank ("FDIC-R") and through its undersigned counsel states as

follows:

**NATURE OF THE ACTION**

1.     The FDIC-R brings this action against Certain Underwriters at

Lloyd's London ("Lloyd's") to recover unpaid interest of $3,225,753.42, pursuant

to section 7-4-15 of the Georgia Code, which provides that "[a]ll liquidated

demands, where . . . the sum to be paid is fixed or certain, bear interest from the

time the party shall become liable and bound to pay them."  Ga. Code Ann. § 7-4-

15 (West, Westlaw through 2019 portion of 2019 Legis. Sess.).  From 2009

through 2013, demands for insurance coverage were made on Lloyd's. No later than December 17, 2013, Lloyd's liability for the previously demanded $10 million in insurance coverage became liquidated, fixed, and certain. Final judgment in favor of the FDIC-R for the $10 million that had been demanded was entered against Lloyd's on October 12, 2016. *Certain Underwriters at Lloyd's London v. Federal Deposit Insurance Corporation as Receiver of Omni National Bank*, No. 1:12-cv-01740-TCB, 2016 WL 10828765 (N.D. Ga. Nov. 13, 2015), *aff'd per curiam* 723 F. App'x 764 (11th Cir. 2018), *cert. denied,* 138 S. Ct. 2584 (2018). The FDIC-R is entitled to statutory interest running from December 17, 2013, the date when Lloyd's liability for the demanded $10 million became liquidated, fixed, and certain, through July 27, 2018, the date Lloyd's paid the $10 million in insurance proceeds.

## PARTIES

2.      Plaintiff FDIC-R is the Federal Deposit Insurance Corporation in its capacity as Receiver for Omni National Bank, pursuant to 12 U.S.C. §§ 1811-35a(e)(5).

3.      Defendant Lloyd's is Certain Underwriters at Lloyd's London, comprising Lloyd's, London Underwriting Members in Syndicate AFB 623 and Syndicate AFB 2623. Lloyd's are insurers authorized to do business in the State of Georgia.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this matter as actions to which the FDIC-R is a party are deemed to arise under federal law pursuant to 12 U.S.C. §§ 1811-35a(e)(5); 12 U.S.C. § 1819(b)(1) and (2), and 28 U.S.C. §§ 1331 and 1345.

5.     The FDIC-R has the power to sue and complain in any court of law. 12 U.S.C. § 1819.  Furthermore, a substantial part of the events giving rise to this action occurred in this district and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

6.     On March 27, 2009, the Office of the Comptroller of the Currency declared Omni National Bank ("Omni") to be insolvent, closed it, and appointed the Federal Deposit Insurance Corporation as receiver pursuant to 12 U.S.C. § 1821(c).

7.     Under 12 U.S.C. § 1821(d)(2), the FDIC-R is the successor to all claims originally held by Omni and any stockholder, member, account holder, depositor, officer, or director of such institution with respect to the institution or the assets of the institution.

8.     On June 5, 2009, Stephen Klein ("Klein"), former Chief Executive Officer and Chairman of the Board of Directors of Omni, submitted a notice of

circumstances to Lloyd's on behalf of the former directors and officers of Omni under Lloyd's Directors' and Officers' and Company Indemnity Policy, reference B0878API083919 (the "Policy"), for potential claims of wrongful acts committed by Omni's former directors and officers.  The Policy covers the period from June 9, 2008 through June 9, 2009 and contains a maximum aggregate limit of liability of $10 million.

9.     On June 8, 2009, the FDIC-R sent former directors and officers of Omni and Lloyd's a demand for payment of civil damages arising out of losses suffered as a result of wrongful acts and omissions committed by the former directors and officers of Omni.

10.     On November 2, 2009, counsel for certain former directors and officers of Omni, including Mr. Klein, demanded that Lloyd's provide a coverage position with respect to the demand for payment of civil damages submitted by the FDIC-R.

11.     On November 4, 2009, counsel for Lloyd's reserved its rights to deny coverage for the claims in the FDIC-R's demand.

12.     On January 11, 2010, counsel for Progressive Causality Insurance Company, another insurer for Omni, demanded that Lloyd's agree to share the costs of defending Omni's former directors and officers from the FDIC-R's demand for payment of civil damages.

13.     On October 18, 2011, the FDIC-R sent an updated demand for payment of civil damages to Lloyd's and thirteen former directors and officers of Omni, including Klein, Constance Perrine ("Perrine"), and Benjamin Cohen ("Cohen").

14.     On November 2, 2011, Lloyd's responded to the FDIC-R's updated demand by denying that Lloyd's had any obligation to pay defense or indemnity costs for the claim made by the FDIC-R.

15.     On November 17, 2011, Mr. Klein demanded that Lloyd's provide coverage for the FDIC-R's claims and threatened to file an action for bad faith under section 33-4-6 of the Georgia Code.

16.     On March 16, 2012, in *Federal Deposit Insurance Corporation as Receiver for Omni National Bank v. Klein*, No. 1:12-cv-00896-TCB (N.D. Ga. dismissed Aug. 13, 2015) (the "FDIC-R Action"), the FDIC- R sued, *inter alia*, Klein, Perrine, and Cohen (the "Omni Defendants") for negligence and gross negligence for approving, directing, and permitting wasteful expenditures on bank-owned properties after September 15, 2008 (the "D&O Claims").  The money demand in the complaint filed by the FDIC-R in the D&O Action for the D&O Claims exceeded the limits of liability of the Lloyd's Policy, and also sought interest.

17.    On March 27, 2012, Mr. Klein presented Lloyd's with a copy of the complaint in the FDIC-R Action and demanded coverage.

18.    Lloyd's denied coverage and defense for the Omni Defendants under the Lloyd's Policy on loss arising out of the allegations in the complaint in the FDIC-R D&O Action.  Lloyd's alleged the wrongful acts giving rise to the FDIC's demands occurred prior to the Lloyd's Policy's inception date or that such acts were interrelated with the wrongful acts that occurred prior to the Policy's inception.

19.    On May 18, 2012, Lloyd's filed *Certain Underwriters at Lloyd's London v. Federal Deposit Insurance Corporation as Receiver of Omni National Bank*, No. 1:12-cv-01740-TCB (N.D. Ga. Nov. 13, 2015), *aff'd per curiam* 723 F. App'x 764 (11th Cir. 2018), *cert. denied,* 138 S. Ct. 2584 (2018) (the "Lloyd's Action"), seeking a declaration that Lloyd's was not obligated to provide a defense or indemnity to the Omni Defendants for the D&O Claims.

20.    The FDIC-R Action and the Lloyd's Action were consolidated for discovery and pretrial purposes, and Lloyd's received notices in the FDIC-R Action as a party.

21.    On May 31, 2012, Mr. Klein sued Lloyd's in the United States District Court for the Northern District of Georgia for declaratory relief, breach of

contract, and bad faith, including statutory and punitive damages. *Klein v. Alwen Hough Johnson Ltd.*, No. 1:12-cv-01877 (N.D. Ga. dismissed Jan. 8, 2014).

22.    On December 6, 2013, Mr. Klein entered into a settlement agreement with the FDIC-R in which he assigned to the FDIC-R all of his rights and interest in the Lloyd's Policy and the proceeds thereof, and to his rights and claims against Lloyd's.  As part of the settlement agreement, Klein stipulated to judgment in favor of the FDIC-R in the D&O Action in the amount of $10 million.

23.    On December 17, 2013, the court in the FDIC-R Action entered a stipulated judgment against Klein and in favor of the FDIC-R in the amount of $10 million with respect to the D&O Claims for which the Omni Defendants, including Mr. Klein, sought coverage under the Policy.

24.    Upon entry by the court on December 17, 2013, the amount of Lloyd's obligation to the FDIC-R, and thus, the amount of insurance coverage required to satisfy the obligation, became fixed and certain as of that date.

25.    Lloyd's received copies of the settlement agreement with Klein and the Stipulated Final Judgment entered against Klein on December 17, 2013.

26.    On January 17, 2014, Klein filed in the Lloyd's Action a Motion for Judgment on the Pleadings or, in the Alternative, to Substitute the [FDIC-R] for Stephen M. Klein (the "Klein Motion").  The Klein Motion informed Lloyd's that

Klein had assigned to the FDIC-R all rights and interests under the Lloyd's Policy, including all claims, counterclaims, and defenses.

27.     The Klein Motion attached a copy of the settlement agreement entered between Klein and the FDIC-R and referenced the docket entry on the consolidated actions for the order approving the Stipulated Final Judgment on December 17, 2013.

28.     On May 7, 2015, Cohen and Perrine entered into a settlement agreement with the FDIC-R in which they assigned all of their rights and interest in the Lloyd's Policy and the proceeds thereof, and to their rights and claims against Lloyd's to the FDIC-R.  As part of the settlement agreement, Cohen and Perrine stipulated to judgment in favor of the FDIC-R in the D&O Action jointly and severally in the amount of $10 million.  Stipulated judgments against Cohen and Perrine and in favor of the FDIC-R in the amount of $10 million, co-extensive with the judgment against Klein, were subsequently entered in the FDIC-R Action.

29.     Lloyd's received copies of the settlement agreement with Cohen and Perrine and the Stipulated Final Judgment against the remaining Omni Defendants on May 15, 2015.

30.     On September 1, 2016, in the District Court for the Northern District of Georgia, Atlanta Division, Judge Timothy C. Batten, Sr. issued an Order granting the FDIC-R's Motion for Summary Judgment and denying Lloyd's

Motion for Summary Judgment, finding that Lloyd's was obligated to provide coverage to the Omni Defendants under the Policy and that no exclusions were applicable to the D&O Claims.

31.     Judge Batten denied Lloyd's motion for reconsideration of the court's order granting the FDIC-R's motion for summary judgment on October 4, 2016.

32.     Final judgment in favor of the FDIC-R in the Lloyd's Action was entered by the district court on October 12, 2016.

33.     On October 18, 2016, Lloyd's appealed the district court's order on summary judgment to the United States Court of Appeals for the Eleventh Circuit in *Certain Underwriters at Lloyd's London v. Federal Deposit Insurance Corporation as Receiver of Omni National Bank*, No. 1:12-cv-01740-TCB (N.D. Ga. Nov. 13, 2015), *appeal docketed*, No. 16-16702 (11th Cir. Oct. 18, 2016).

34.     Oral argument was held before a three panel judge, including Chief Judge Edward Carnes, on October 25, 2017.

35.     On January 23, 2018, the Eleventh Circuit unanimously affirmed the District Court's grant of summary judgment in favor of the FDIC-R in the Lloyd's Action.  *Certain Underwriters at Lloyd's London v. FDIC*, 723 F. App'x 764 (11th Cir. 2018) (No. 16-16702).  The mandate issued from the Court of Appeals for the Eleventh Circuit to the District Court on February 21, 2018.

36.     On April 2, 2018, the FDIC-R demanded that Lloyd's pay the full $10 million limits of the Policy to the FDIC-R, along with $3,003,287.67 million in interest, calculated pursuant to section 7-4-15 of the Georgia Code, that had accrued on the judgment amount from the date of the entry of the first stipulated judgment by the court in the D&O Action to the date of the demand for interest.

37.     By letter dated April 11, 2018, Lloyd's refused to pay the $10 million to the FDIC-R while its petition for certiorari was pending and disclaimed any obligation to pay interest pursuant to section 7-4-15.

38.     On May 29, 2018, the Supreme Court denied Lloyd's April 19, 2018, petition for a writ of certiorari.  *Certain Underwriters at Lloyd's London v. Federal Deposit Insurance Corporation as Receiver of Omni National Bank*, 138 S. Ct. 2584 (2018).

39.     On July 27, 2018, Lloyd's paid the $10 million insurance Policy proceeds, plus $115,000.93 in post-verdict interest to the FDIC-R.

40.     It was four years, 222 days between the date on which the stipulated judgment for $10 million was entered and the date Lloyd's paid the Policy proceeds.

41.     Lloyd's had full use of the $10 million Policy proceeds for the four year, 222 day period before it paid the FDIC-R for the D&O Claims.

42.     In subsequent communications, the parties detailed their respective positions on Lloyd's obligation to pay interest on the $10 million sum, but Lloyd's consistently refused to pay the FDIC-R interest from the date of the first $10 million stipulated judgment.

## CLAIM FOR RELIEF
### (Interest Pursuant to Ga. Code Ann. § 7-4-15 (West))

43.     The FDIC-R incorporates by reference the allegations contained in all prior paragraphs of this Complaint as if set forth fully herein.

44.     Both the FDIC-R and the Omni Defendants made demands for insurance coverage from Lloyd's consistently from 2009 through 2013.  The amount of those demands became liquidated, fixed, and certain upon entry of the first Stipulated Judgment against one of the Omni Defendants on December 17, 2013.

45.     Upon entry of the first Stipulated Judgment on December 17, 2013, against one of the Omni Defendants for $10 million, the amount of the claim against the Omni Defendants became liquidated, fixed, and certain at $10 million.

46.     Lloyd's was aware of the demands for coverage since 2009.  By December 17, 2013, Lloyd's was also aware that the FDIC-R had succeeded to the demands from the Omni Defendants arising out of the D&O Claims.

47.     As of December 17, 2013, the only issue disputed by Lloyd's was the existence of coverage for the $10 million claim against the Omni Defendants.

48.     No later than December 17, 2013, Lloyd's became liable and bound to pay the FDIC-R the $10 million in insurance proceeds, plus interest.

49.     Lloyd's paid the FDIC-R the $10 million Lloyd's Policy proceeds on July 27, 2018, but refused to pay statutory interest of $3,225,753.42 due and owing under section 7-4-15.

50.     Lloyd's has benefited from the use of the $10 million due and owing to the FDIC-R from December 17, 2013 through July 27, 2018.

51.     To date, Lloyd's has failed to pay interest due and owing to the FDIC-R pursuant to section 7-4-15.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Federal Deposit Insurance Corporation as Receiver for Omni National Bank respectfully requests entry of a judgment against Lloyd's and in favor of the FDIC-R for interest at the Georgia legal interest rate from December 17, 2013 through July 27, 2018, which amounts to $3,225,753.42, with additional interest pursuant to 12 U.S.C. § 1821(l), as well as costs and such further relief that this Court deems just and proper.

Dated:  July 9, 2019                    Respectfully submitted,

                                        *s/Patrice R. Walker*
                                        Patrice R. Walker
                                        Georgia Bar No. 266983
                                        Federal Deposit Insurance
                                        Corporation
                                        10 Tenth Street N.E.
                                        Suite 800
                                        Atlanta, Georgia 30309
                                        Telephone: (678) 916-2272
                                        Facsimile: (678) 916-2441
                                        pwalker@fdic.gov


                                        ATTORNEY FOR PLAINTIFF
                                        FEDERAL DEPOSIT INSURANCE
                                        CORPORATION AS RECEIVER
                                        FOR OMNI NATIONAL BANK